UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

HANNAH LOVELL, an individual, and ) 
MADISON LOVELL, an individual, )
  )
    Plaintiffs, )
  )
v. )    Case No. 25-CV-0617-CVE-SH
  )
PROGRESSIVE DIRECT INSURANCE )
COMPANY, a foreign company, )
  )
    Defendant. )

**OPINION AND ORDER**

Before the Court is a motion to dismiss for failure to state a claim upon which relief can be granted by defendant Progressive Direct Insurance Company (Dkt. # 10).

**I.**

In May 2025, plaintiffs Hannah Lovell and Madison Lovell brought suit in Tulsa County District Court against defendant Progressive Direct Insurance Company for two claims of breach of contract, two claims of breach of the duty covenant of good faith and fair dealing, and two "claims" for punitive damages. Dkt. # 2-3, at 7-15. Plaintiffs' six claims arise out insurance claims submitted for roof damage that their home suffered after two large wind storms. Id. ¶¶ 4-9, 21-27. Plaintiffs allege that at the time of the storms, their home was covered by an insurance policy that was issued by Progressive and that Progressive handled their two claims, including by performing inspections and issuing determinations as to the extent of their coverage. Id. ¶¶ 3, 6-9, 22-28.[1] Defendant

---

[1] Throughout plaintiffs' petition, they allege breaches of the covenant of good faith and fair dealing by State Farm. See, e.g., Dkt. # 2-3, ¶¶ 11, 30. The Court understands those to be transposition errors meant to refer to Progressive, and the Court disregards all mention of State Farm.

removed the action to this Court and moved to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure Rule 12(b)(6).  Dkt. # 10, at 1.

## II.

When a party moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief can be granted.  To survive a motion under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Tenth Circuit has interpreted the plausibility requirement to mean that if the allegations contained in a complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  Robbins v. Okla. ex. rel. Dep't of Hum. Servs., 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 570).  The allegations must also "be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim to relief."  Id. (footnote omitted).  Put differently, for a claim to survive a Rule 12(b)(6) motion, there must be "more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  However, "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."  Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting Twombly, 550 U.S. at 555); see also Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976) ("A motion to dismiss under Fed. Rules Civ. Proc., rule 12(b) admits all well-pleaded facts in the complaint as distinguished from conclusory allegations.").

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Tal v. Hogan, 453 F.3d 1244, 1252 (10th Cir. 2006) (quoting Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)). The facts alleged "must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citation omitted) (citing 5 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1216 (3d ed. 2004)). For the purposes of making a dismissal determination, a court must accept as true all well-pleaded allegations in the complaint and construe the allegations in the light most favorable to the claimant. Iqbal, 556 U.S. at 678-79.

III.

**A.    Defendant's Motion to Dismiss**

Defendant moves to dismiss plaintiffs' complaint on the ground that plaintiff fails to state a claim upon which relief can be granted because defendant is not a party to the insuring agreement from which plaintiffs' six claims arise. Dkt. # 10, at 1. Defendant argues that the operative agreement was formed between plaintiffs and a company named American Strategic Insurance Corp. ("ASIC"), which plaintiffs do not name as a defendant. Id. at 3-4. Defendant asserts that ASIC is a wholly separate subsidiary, a "sister" company, under the Progressive Corporation, over which Progressive Direct Insurance Company has no ownership or control. Dkt. # 21, at 6-7. Defendant asks the Court to dismiss plaintiff's claims against it under Rule 12(b)(6) with prejudice to refiling on the basis that refiling would be futile. Dkt. # 10, at 6 n.1; Dkt. # 21, at 7. Plaintiffs respond that they have only just learned that defendant was not a party to the insurance contract because ASIC

is one of a group of over fifty companies, referred to as a "family of companies," listed in plaintiff's agreement. Dkt. # 18, at 5-6 (citing Dkt. # 18-2, at 4). Rather, plaintiffs believed defendant to be the proper party because on every page of its annual renewal notices, all communications from their adjustor and the insurer about their claims, and the cover page of the insurance agreement itself all prominently featured the name "Progressive" and Progressive branding. Id. at 3-5. Plaintiffs argue that defendant is properly named, given that it held itself out as plaintiffs' insurer and thus may be bound under apparent authority or agency estoppel. Id. at 6-9. Plaintiffs seek leave to conduct discovery in order to establish corporate structure and ownership and determine the extent to which defendant and ASIC are entwined. Id. at 10. Plaintiffs also request that the Court grant leave to amend their complaint, to name as defendants ASIC and Progressive Home, under Federal Rule of Civil Procedure 15(a) in order to correct any ground for dismissal. Id. at 10-12. Defendant replies that plaintiffs' arguments impermissibly rely on extrinsic evidence that the Court cannot consider at this stage of pleading without converting its motion to dismiss into a motion for summary judgment. Dkt. # 21, at 1, 3. Defendant also argues that plaintiffs are unable to state a claim against it, given that it has no contractual relationship with plaintiffs and plaintiff has not given the Court viable grounds on which to pierce the corporate veil to reach defendant by way of ASIC's agreement. Id. at 4-6.

Accepting as true all well-pled allegations contained in plaintiffs' complaint, the Court finds that plaintiff fails to state a claim against this defendant. The parties agree that the insuring agreement out of which plaintiffs' claims arise is between plaintiffs and ASIC, not defendant. Dkt. # 10, at 1; Dkt. # 18, at 2; Dkt. # 21, at 7. Defendant's only association ASIC is as a "sister" company, a "wholly separate subsidiary" of the Progressive Corporation. Dkt. # 21, at 7. Plaintiffs

argue that despite the fact that the agreement underlying their claims did not involve defendant,

defendant may still be bound under theories of apparent authority, agency by estoppel, and veil

piercing because defendant held itself out as plaintiffs' insurer.  Dkt. # 18, at 8-10.  However,

plaintiffs fail to provide any argument as to why defendant, specifically, is properly named, rather

than another entity either with whom they entered into an insurance agreement or with "Progressive"

in the name.  It is, of course, understandable that plaintiffs named defendant in this case.  As

plaintiffs argue, the "Progressive" name and branding appear in nearly every communication

between plaintiffs and ASIC, including in emails, text messages, renewal notices, and even on the

front of the agreement at issue.[2]  Despite this reasonable misunderstanding, there is no dispute that

the agreement at issue is between plaintiffs and ASIC.  As it stands, plaintiffs' complaint is properly

---

[2]     Defendant asserts that plaintiffs have improperly attached to their response copies of the insurance agreement, renewal notices from 2024 through 2026, claim acknowledgment, and adjustment estimate and determination.  Dkt. # 21, at 2-3 (citing Dkt. ## 18-1, 18-2, 18-3, 18-4, 18-5, 18-6).  Defendant argues that any consideration of these documents would require the Court to convert the motion to dismiss into a motion for summary judgment.  Id. at 3. Defendant is correct that when a court relies on material outside of the pleadings before it, it must treat a 12(b)(6) motion as a motion for summary judgment, and failure to do so is a reversible error.  Foremaster v. City of St. George, 882 F.2d 1485, 1491 (10th Cir. 1989); Torres v. First State Bank of Sierra Cnty., 550 F.2d 1255, 1257 (10th Cir. 1977).  Thus, a court deciding a motion to dismiss is typically unable to consider matters beyond the four corners of the complaint.  Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); Fuqua v. Santa Fe Cnty. Sheriff's Off., 157 F.4th 1288, 1297 (10th Cir. 2025).  As defendant acknowledges, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties to do not dispute the documents' authenticity.'" Dkt. # 21, at 3 (quoting Hampton v. root9B Tech., Inc., 897 F.3d 1291, 1297-98 (10th Cir. 2018) (quoting Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007))).  The Court here has reviewed the attachments to plaintiffs' response, including the agreement at issue, given that plaintiff's complaint not only refers to it but arises from it, and that no party has disputed its authenticity.  The Court bases its findings on this issue on the sufficiency of plaintiffs' complaint, but it permissibly references and acknowledges plaintiffs' insurance agreement (Dkt. # 18-1).

subject to dismissal for failure to state a claim upon which relief can be granted with respect to the named defendant.

**B.      Plaintiff's Request for Leave to Amend**

Under Rule 15(a)(2), a party may amend its pleading "only with the opposing party's written permission or the court's leave."  The rule specifically instructs that the "court should freely give leave when justice so requires."  Id.  Refusal to grant leave to amend is justified upon a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).  However, the liberal approach to granting leave contemplated by Rule 15 is intended to "provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities."  BLOM Bank SAL v. Honickman, 145 S. Ct. 1612, 1621 (2025) (quoting 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1471 (3d ed. 2010)).  "Motions to add or substitute parties are considered motions to amend and therefore must comply with Rule 15(a)."  United States ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009).

Defendant argues that leave to amend is not justified because it would be futile, in that no facts would change as to the terms of the agreement or the identifies of the parties involved.  Dkt. # 10, at 6 n.1.  Plaintiffs counter that amendment would not be futile, as it would allow them to amend to name ASIC as the proper defendant.[3]  Plaintiffs also argue that amendment would not cause delay, especially since defendant failed to raise the issue of naming it as an improper party

---

[3]      The Court notes that it may be able to exercise diversity jurisdiction over plaintiffs' claims if plaintiffs were to amend their complaint to name ASIC as a party defendant, if ASIC is a corporation with a principal place of business in a state other than Oklahoma.

until after plaintiffs filed suit.  Id.  Nor would amendment be done in bad faith or cause any other form of prejudice.  Id. at 11.  The Court agrees with plaintiffs that, in this instance, they are able to meet the liberal standard of Rule 15 and should be granted leave to amend their complaint to identify the proper defendant.  Defendant's argument as to futility lacks merit.  Defendant's arguments are specific to its misidentification as a party to plaintiffs' insurance agreement.  Defendant fails to show why amendment to allow plaintiff to name the proper party would be futile or otherwise cause prejudice or delay.  Left with no basis on which to deny the request, the Court grants plaintiffs' motion for leave to amend their complaint in order to name ASIC as the proper party defendant.

**IT IS THEREFORE ORDERED** that defendant Progressive Direct Insurance Company's motion to dismiss for failure to state a claim (Dkt. # 10) is **granted**.  All claims against Progressive Direct Insurance Company are dismissed and it is terminated as a party on the ground that it was improperly named as a party defendant.

**IT IS FURTHER ORDERED** that plaintiffs' request for leave to amend their complaint is **granted**.  Plaintiffs may amend their complaint to name ASIC, the proper defendant, and serve that defendant on or before **July 30, 2026**.  Failure to amend and serve a proper party defendant by that date may result in termination of this matter.

**DATED** this 9th day of July, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE